OPINION
{¶ 1} Defendant-appellant Gregory L. McCullar, Jr. appeals from his sentence imposed by the Montgomery County Common Pleas Court on his convictions for various offenses. He contends that the trial court erred in sentencing.
 {¶ 2} For the reasons set forth below, we affirm the judgment of the trial court.
 I {¶ 3} In May, 2001, McCullar was indicted on two counts of Aggravated Robbery, one count of Felonious Assault, and four counts of Kidnapping. All seven counts carried three-year firearm specifications. These offenses were charged under case number 2001-CR-1483 and were assigned to the Honorable David A. Gowdown.
 {¶ 4} In August, 2001, McCullar was also indicted on twelve counts of Forgery Without Authority, twelve counts of Forgery (Uttering), two counts of Theft by Deception, two counts of Misuse of Credit Cards, and two counts of Taking the Identity of Another. These cases were also assigned to Judge Gowdown, under case number 2001-CR-3001.
 {¶ 5} McCullar pleaded guilty to all of the counts in case number 2001-CR-1483, and the firearm specifications attached to the Felonious Assault charges were dismissed. In case number 2001-CR-3001, McCullar pleaded guilty to the two counts of Theft by Deception, Taking the Identity of Another, and twelve counts of Forgery. The remaining twelve counts of Forgery and two counts of Misuse of Credit Cards were dismissed.
 {¶ 6} A sentencing hearing was held in both cases in August, 2003.[1] In case number 2001-CR-3001, the trial court sentenced McCullar to six months in prison on each of the fifteen counts to be served concurrently with each other and with the sentence imposed in case number 2001-CR-1483. In case number 2001-CR-1483, the trial court sentenced McCullar to three years in prison on each of the Aggravated Robbery offenses, two years on the Felonious Assault charge and two years on each of the Kidnapping charges. These sentences were ordered to run concurrently with each other and with the sentences in 2001-CR-3001. Additionally, McCullar received three-year prison terms on each of the firearm specifications attached to the Aggravated Robbery counts. The total sentence imposed by Judge Gowdown was nine years. Judge Gowdown ordered that the nine-year sentence be served consecutively to the previously imposed twenty-one year sentence, for a total of thirty years in prison.
 {¶ 7} McCullar appeals from the sentences imposed by Judge Gowdown.
 II {¶ 8} McCullar's sole Assignment of Error is as follows:
 {¶ 9} "Whether defendant's combined sentence based on consecutive sentences for multiple convictions and multiple cases was supported by sufficient evidence, erronious [sic] as a matter of law, and excessive to the point of violating defendant's constitutional right to due process and free of cruel and unusual punishment under the Fifth, Eighth, and Fourteenth Amendment of the United States Constitution and Article I Section 10 of the Ohio State Constitution."
 {¶ 10} McCullar contends that the trial court erred in sentencing him. Specifically, he argues that the record does not support the decision to impose consecutive sentences. He further argues that the trial court, rather than merely focusing on the offenses before it, improperly considered the sentences imposed in the cases that were not before it. Finally, he contends that the imposition of the consecutive sentences is cruel, unusual and unfair.
 {¶ 11} R.C. 2929.14(E)(4) provides that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing * * *.
 {¶ 13} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 15} R.C. 2929.19(B)(2)(c) requires the sentencing court to state its reasons for electing to impose a consecutive sentence pursuant to R.C. 2929.14. The Supreme Court has interpreted R.C.2929.14(E) and R.C. 2929.19(B)(2) to require that the trial court enumerate its findings and give reasons supporting those findings at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. The trial court has the discretion to impose consecutive sentences if the court sets forth the statutorily required findings and reasons in support thereof. State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 16} In this case, the trial court found that consecutive sentences are necessary to protect the public and to punish the offender, and are not disproportionate to his conduct and to the danger he poses to the public.
 {¶ 17} Further, the trial court provided its reasons for these findings. The trial court explained that McCullar's prior and extensive criminal history indicated a great need to protect the public from future crime.[2] The trial court also indicated that the serious nature of the offenses for which sentence was being imposed, coupled with McCullar's prior history, indicated a need to punish McCullar. The trial court further found, based upon the fact that numerous felony offenses were committed and upon the fact that a victim was shot and seriously harmed during the commission of these offenses, that the sentence was not disproportionate. Finally, the trial court found that McCullar committed these offenses while out on bail in case number 2000-CR-1098, and that McCullar's criminal history shows that consecutive sentences are needed to protect the public.
 {¶ 18} We also note that McCullar has not cited, nor have we found, any cases to support the argument that the trial court was not permitted to issue a sentence to run consecutively to a sentence imposed by a different trial court in a different case. The cases we found on this issue indicate that this is a scenario contemplated by the sentencing statutes. See, e.g., State v.Thomas, Cuyahoga App. 82674, 2004-Ohio-1907.
 {¶ 19} We further note that we find nothing to indicate that the trial court improperly considered the sentence imposed in the separate cases. Instead, it appears that the court merely noted that the twenty-one year sentence in the separate case appeared justified given the nature of those offenses, and the fact that a victim died during the commission thereof.
 {¶ 20} Finally, we reject the contention that the imposition of a thirty-year sentence, by virtue of a nine-year sentence in this case ordered consecutive to a twenty-one-year sentence imposed in another case, constitutes cruel, unusual or unfair punishment.
 {¶ 21} On the record before this court, we conclude the court sufficiently stated its findings and reasons in support of consecutive sentences. The trial court, therefore, did not err in sentencing defendant to consecutive terms of incarceration.
 {¶ 22} McCullar's sole Assignment of Error is overruled.
 III {¶ 23} McCullar's Assignment of Error having been overruled, the judgment and sentence of the trial court is affirmed.
Wolff and Young, JJ., concur.
[1] Prior to the sentencing hearing in these cases, McCullar was sentenced to a prison term of twenty-one years in case numbers 2000-CR-1098, 2000-CR-3212, 2001-CR-243 and 2001-CR-443. Those cases were disposed of by a different trial judge, and involved Aggravated Robbery and Felonious Assault.
[2] The record indicates that McCullar has an extensive criminal history that includes offenses committed as a juvenile and as an adult.